# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN MARBAKER; CAROL MARBAKER; JERRY L. CAVALIER; and FRANK HOLDREN<br><br>    Plaintiffs,<br><br>    v.<br><br>STATOIL USA ONSHORE PROPERTIES, INC. f/k/a STATOILHYDRO USA ONSHORE PROPERTIES, INC.<br><br>    Defendant. | CIVIL ACTION NO. 3:17-CV-01528<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before this Court is a Motion to Consolidate (*Doc*. 18) filed by Plaintiffs Alan Marbaker, Carol Marbaker, Jerry L. Cavalier, and Frank Holdren (collectively "*Marbaker* Plaintiffs"). Specifically, the *Marbaker* Plaintiffs seek to consolidate this action with one currently pending before Judge Mannion: *Canfield v. Statoil USA Onshore Properties, Inc.,* No. 3:16-CV-85. I will not grant the *Marbaker* Plaintiffs' Motion because the issues presented in this action are distinct from those before Judge Mannion in *Canfield*.

## **I. Background**

**A.**     **The *Marbaker* Action:**

On April 2, 2015, the *Marbaker* Plaintiffs filed a class demand and complaint in arbitration against Statoil USA Onshore Properties, Inc. ("Statoil"). There, the *Marbaker* Plaintiffs alleged that Statoil systematically underpaid oil and gas royalties in a "scheme to enrich" its parent company in violation of its lease agreements. (*Doc*. 19, at 6.) Concurrent with the arbitration action, these Plaintiffs filed a declaratory action in this Court seeking to determine whether or not the lease agreements permitted class arbitration. *See Marbaker v. Statoil USA Onshore Properties, Inc.*, No. 15-700 (M.D. Pa. 2015). However, that federal

action was dismissed without prejudice on June 5, 2015 by stipulation because the parties agreed to enter mediation.[1] *Id.*

On August 25, 2017, Plaintiffs re-filed their federal declaratory action ("*Marbaker* Action"). The *Marbaker* Plaintiffs seek, yet again, to determine whether they can proceed with class arbitration.

**B.    The *Canfield* Action:**

In January of 2016, Statoil was sued by a second set of leaseholders ("*Canfield* Plaintiffs") who also alleged that Statoil engaged in conduct that resulted in the systematic underpayment of royalties. *See Canfield v. Statoil USA Onshore Properties, Inc.*, No. 16-85 (M.D. Pa. 2016). The conduct alleged by the *Canfield* Plaintiffs mirrors the averments contained in the *Marbaker* Plaintiffs' arbitration complaint. The *Canfield* Plaintiffs, unlike the *Marbaker* Plaintiffs, were able to proceed in federal court because their leases did not contain an arbitration clause.

Statoil moved to dismiss this action. *Id.* Judge Mannion, presiding over *Canfield*, dismissed the majority of the claims alleged.[2] *Id.* However, the *Canfield* Plaintiffs were left with at least one viable claim. This triggered settlement discussions between Statoil and the *Canfield* Plaintiffs. By October of 2017, the *Canfield* Plaintiffs had engaged in robust settlement negotiations and reached an agreement in principle to settle the case. And, on December 1, 2017 Statoil and the *Canfield* Plaintiffs notified Judge Mannion that they had

---

[1]    While the scope of mediation is disputed, there is no question that the parties engaged in mediation for approximately two years. Statoil terminated mediation before September 22, 2017. On September 22, 2017, in accord with the terms of their mediation, Statoil demanded that the Plaintiffs destroy all documents they received from Statoil related to a potential settlement.

[2]    At this time, the *Marbaker* Plaintiffs contacted the *Canfield* Plaintiffs in hopes of coordinating their arbitration action with the *Canfield* class action. The *Canfield* Plaintiffs never accepted this offer to coordinate.

2

reached a preliminary, class-wide settlement. Today, there is an open Motion for Preliminary Approval of the proposed settlement.[3] *Id.*

**C.    Motion to Consolidate:**

On March 30, 2018, the *Marbaker* Plaintiffs filed a Motion to Consolidate the *Marbaker* and *Canfield* actions. Statoil opposes this Motion.

This Motion has been fully briefed and is ripe for review.

## II. Discussion

**A.    Consolidation of the *Marbaker* and *Canfield* Actions is Inappropriate**

In recognition of convenience and judicial economy, separate actions may be consolidated when they present a common issue of law or fact. *See* FED. R. CIV. P. 42(a) ("If actions before the court involve a common question of law or fact the court may . . . consolidate the actions."); *accord Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration . . . ."); *In Re Community Bank of N. Virginia*, 418 F.3d 277, 298 n. 12 (3d Cir. 2005). A district court has broad discretion when determining whether consolidation is appropriate. *See In Re Mock*, 398 Fed. App'x. 716, 718 (3d Cir. 2010). "A court may deny a motion to consolidate if the common issue is not a principal one, if it will cause delay in one of the cases, or will lead to confusion or prejudice." *Easterday v. Federated Mut. Ins. Co.*, No. 14-1415, 2015 WL 1312684, at *2 (E.D. Pa. Mar. 24, 2015).

In a motion for consolidation, the moving party bears the burden of proof to show that a common question of law or fact exists. *See Borough of Olyphant v. PPL Corp.*, 153 Fed. App'x 80, 82 (3d Cir. 2005); *see also Vicky M. v. Mortheastern Educ. Intermediate Unit*, No. 06-1898, 2010 WL 481244, at *1 (M.D. Pa. Feb. 4, 2010) (Caputo, J.).

With the requirements of Rule 42(a) in mind, the *Marbaker* Plaintiffs contend that

---

[3]    Notably, the *Marbaker* Plaintiffs have filed objections to the proposed settlement, and Judge Mannion has provided them ample opportunity to file briefs related to those objections.

3

consolidation is appropriate to bring together "two cases involving overlapping class claims against a single defendant." (*Doc.* 19, at 5.) Statoil agrees. (*Doc.* 25, at 11.) But the cases that the *Marbaker* Plaintiffs seek to consolidate–the *Marbaker* and *Canfield* actions–do not involve two overlapping class claims against a single defendant. Instead, the *Marbaker* action presents a question regarding the applicability of an arbitration clause, and the *Canfield* action presents a question regarding monetary damages for an alleged breach of contract. In other words, the *Marbaker* Plaintiffs' suggestion that both cases "involve overlapping class claims on behalf of Pennsylvania landowners who allege that [Statoil] improperly an systematically miscalculated royalty payments in breach of the landowners' oil and gas leases," is incorrect. (*Doc.* 19, at 5.) Thus, Statoil opposes consolidation.

Because the two cases the *Marbaker* Plaintiffs seek to consolidate present two distinct questions, consolidation is inappropriate. In a remarkably similar case, *Demchak Partners Limited v. Chesapeake Appalachia, LLC*, Judge Mannion explained that consolidation of a declaratory action and a putative class action was inappropriate. No. 13-2289, 2014 WL 4955259, at *9-10 (M.D. Pa. Sep. 30, 2014). There, a set of oil and gas leaseholders moved to consolidate a declaratory action with a class action. *Id.* at *1. The declaratory action concerned the availability of class-wide arbitration, and the class action concerned the sufficiency of a proposed settlement. *Id.* at *10. Judge Mannion concluded that "the issues presented in the actions are distinct and separate–one seeks settlement on the merits of the plaintiffs' claims while the other seeks to have the court determine how the plaintiffs may proceed with their claim." *Id.* For this reason, Judge Mannion reasoned that the consolidation would not promote judicial economy. Therefore, the motion to consolidate in *Demchak* was denied. *Id.*

The facts present in this matter mirror those in *Demchak*: the underlying actions

concern oil and gas leases; the declaratory action seeks to determine the state of the law with respect to class arbitration; and the class action is ripe for settlement. I find no reason to depart from the analysis set forth by Judge Mannion in *Demchak*.[4] For that reason, I will deny Plaintiffs' Motion to Consolidate the *Marbaker* and *Canfield* actions.

### III. Conclusion

For the above stated reasons, the *Marbaker* Plaintiffs' Motion to Consolidate the *Marbaker* action with the *Canfield* action will be denied.

An appropriate order follows.

June 14, 2018 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

---

[4] The *Marbaker* Plaintiffs attempt to inject argument about the merits of the *Canfield* settlement into a simple consolidation motion. This is inappropriate. If the *Marbaker* Plaintiffs are unable to block the *Canfield* settlement under the procedures set forth in Rule 23, then they are free to opt-out of the potential settlement. But they are not able to convert a run-of-the-mill consolidation motion into a substantive attack on a potential class settlement. For this reason, I will not address the *Marbaker* Plaintiffs' allegation that the potential *Canfield* settlement amounts to a reverse auction settlement. Similarly, the *Marbaker* Plaintiffs' call for me to "protect absent class members" from the proposed *Canfield* settlement is unconvincing and better suited for a motion to intervene, not a motion to consolidate. (*Doc*. 19, at 5).

5